NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0341n.06

No. 24-3653

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jul 14, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| DEANDRE SMITH, | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: KETHLEDGE, MURPHY, and MATHIS Circuit Judges.

MURPHY, Circuit Judge. Deandre Smith pleaded guilty to drug and firearm offenses. The district court ordered him to serve a within-guidelines sentence of 196 months in prison. Smith now argues that this sentence is substantively unreasonable. He is mistaken. So we affirm.

In June 2023, a confidential informant told law enforcement that Smith had been selling illegal drugs in northeast Ohio. Over the next two months, undercover agents conducted three controlled buys of methamphetamine from Smith. The police later obtained a warrant to search Smith's home. The search uncovered two firearms, fentanyl pills, and evidence of drug trafficking (such as a scale, a blender with fentanyl residue, and packaging material).

The government indicted Smith on five counts. For the three controlled buys, it charged him with three counts of distributing methamphetamine. *See* 21 U.S.C. § 841(a)(1). For the drugs that the police found at his home, it charged him with possessing fentanyl with the intent to

No. 24-3653, *United States v. Smith*

distribute it. *See id.* And for the weapons that they found there, it charged him with possessing a firearm in furtherance of a drug-trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A).

Smith pleaded guilty without a plea agreement. At sentencing, the district court calculated his guidelines range for his drug counts as 121 to 151 months' imprisonment. On top of his sentence for these drug crimes, Smith's firearm offense under § 924(c) came with a mandatory-minimum consecutive sentence of 60 months' imprisonment. Ultimately, the court chose a sentence of 136 months' imprisonment on the first four counts and 60 months' imprisonment on the final one. It thus sentenced Smith to a total term of 196 months.

Smith makes a single argument on appeal: that his sentence is substantively unreasonable. This type of challenge does not object to the process that the district court followed when imposing the sentence, including, for example, its calculation of the guidelines range or findings of fact. *See United States v. Drake*, 126 F.4th 1242, 1246 (6th Cir. 2025). Rather, the challenge attacks the "bottom-line number" as unreasonably long when measured against the sentencing factors in 18 U.S.C. § 3553(a). *Id.* (citation omitted); *see United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). Yet district courts—not appellate courts—bear the primary responsibility to choose the proper sentence. *See Gall v. United States*, 552 U.S. 38, 51–52 (2007). So we must "defer" to their balancing of these sentencing factors. *Drake*, 126 F.4th at 1246. We will reverse only if the district court abused its significant discretion. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). And where, as here, a district court chooses a within-guidelines sentence, we start with the presumption that the court picked a reasonable sentence. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Smith cannot overcome this presumption because the district court reasonably balanced the § 3553(a) factors. To start, the court properly accounted for the "nature and circumstances" of

2

No. 24-3653, *United States v. Smith*

Smith's crimes. 18 U.S.C. § 3553(a)(1). It could not "overstate the danger and deadliness" of the drugs that Smith had distributed, especially since he had packaged the fentanyl as "legitimate" looking pills. Sent. Tr., R.43, PageID 274–75. And Smith knew of these dangers because he admitted that he would not "take a full pill" himself given the risks of overdosing. *Id.*, PageID 278. Next, the court properly accounted for Smith's "history and characteristics[.]" 18 U.S.C. § 3553(a)(1). On the one hand, Smith had an extensive record. He had consistently committed crimes for over 20 years since "the age of 14." Sent. Tr., R.43, PageID 275. He also had repeatedly violated prison rules "while in custody," including by fighting. *Id.* And he had a "history of violence against" his fiancée. *Id.*, PageID 276. On the other hand, Smith had several mitigating factors. He had a "tough" childhood because his family suffered through "financial struggles" and he lived in a high-crime, violent area. *Id.* As an adult, Smith had also provided substantial care for his autistic child and helped his fiancée raise her two other children. *Id.*, PageID 277. He had completed several educational programs while in custody. *Id.*, PageID 278. And he had been shot twice. *Id.*, PageID 277. In sum, the court reasonably balanced the aggravating and mitigating evidence in the record to land on a "mid-range" sentence. *Id.*, PageID 282.

Smith's two responses do not change things. First, he suggests that the district court did not give sufficient weight to his mitigating factors. He points out, for example, that he lacked any criminal history between 2018 and his 2023 arrest for his current offenses and that none of his prior crimes were for violent conduct. He also reiterates his difficult childhood, his remorse, and his "model inmate" status while in pretrial custody. Yet the court reasonably considered these factors. *See United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022). To list a few examples, it acknowledged that no court had convicted Smith "of a so-called violent offense." Sent. Tr., R.43, PageID 275. But it found this mitigating factor offset by the violence in his background,

3

No. 24-3653, *United States v. Smith*

including his fighting while in custody and his unindicted domestic abuse. *Id.*, PageID 275–76. Similarly, it acknowledged his good behavior while "in custody waiting for this matter to be resolved." *Id.*, PageID 282. But it found this mitigating factor offset by his "27 misconduct reports" while in custody on prior crimes. *Id.* These offsetting circumstances reasonably led the court to its mid-range sentence. And our deferential standard of review bars us from "rebalanc[ing] the § 3553(a) factors" in the way that Smith would have preferred. *Drake*, 126 F.4th at 1247 (citation omitted); *see Gardner*, 32 F.4th 531.

Second, Smith argues that the court erred when comparing his sentence to national averages for similar offenders. At sentencing, the court considered the need "to avoid unwarranted sentence disparities among" similarly situated defendants. 18 U.S.C. § 3553(a)(6). It highlighted a paragraph in the presentence report noting that defendants who had committed similar crimes had received an "average" (presumably, mean) "length" of imprisonment of "168 months" and a "median length" of "180 months." Sent. Tr., R.43, PageID 277. These statistics covered defendants with the same total offense level and criminal history score, similar methamphetamine offenses, and "at least one" firearm offense under § 924(c). Report, R.30, PageID 151. Yet after listing this information, the court added: "Here we have the 60 months, however, for the firearm, which is *in addition to* the time for the drug-related offense here." Sent. Tr., R.43, PageID 278 (emphasis added). The "in addition to" language leads Smith to argue that the court mistakenly believed that these mean and median terms did not include the punishment for the other defendants' § 924(c) convictions. According to Smith, if the court had recognized that the averages included those firearm offenses too, it would have chosen a lower sentence.

This argument has two basic problems. For one thing, Smith frames the argument as part of his substantive-reasonableness challenge—which allows him to assert that he has preserved it.

4

No. 24-3653, *United States v. Smith*

*See Holguin-Hernandez v. United States*, 589 U.S. 169, 171 (2020). Yet Smith claims that the district court relied on an *erroneous fact*, so he makes a procedural challenge rather than a substantive one. *See Parrish*, 915 F.3d at 1047. And he did not object to the district court's statement when the court asked him if he had any final objections. *See United States v. Holt*, 116 F.4th 599, 612 (6th Cir. 2024). He thus failed to preserve this procedural claim, and we must review it for "plain error." *Id.* at 613.

For another thing, he cannot satisfy the plain-error test because he cannot show that this claimed error "affected [his] substantial rights." *Vonner*, 516 F.3d at 386 (citation omitted). To satisfy this test, Smith must show a "reasonable probability" that he would have received a lower sentence without the error. *United States v. Campbell*, 2023 WL 3737506, at *1 (6th Cir. May 31, 2023) (citation omitted). But nothing in the record suggests that the court would have changed its sentence if it had avoided the mistake that Smith now alleges. The court mentioned these statistics only in passing, so they "played, at best, a minor role" in the court's sentence. *Id.* at *2. The court instead relied on the seriousness of Smith's crimes and his criminal record to choose his sentence. And its decision to impose a within-guidelines sentence itself fully accounted for the "need to avoid unwarranted sentence disparities, viewed nationally." *United States v. Houston*, 529 F.3d 743, 754 (6th Cir. 2008).

We affirm.